**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| Sam Cooper,<br><br>                                    Plaintiff,<br><br>           -v-<br><br>Suffolk County Police Officer Paul Russo and Suffolk County District Attorney Raymond A. Tierney,<br><br>                                    Defendants. | 2:25-cv-6869<br>(NJC) (ARL) |

**<u>MEMORANDUM AND ORDER</u>**

NUSRAT J. CHOUDHURY, United States District Judge:

Plaintiff Sam Cooper, proceeding pro se, initiated this action with the filing of a Complaint bringing claims under 42 U.S.C. § 1983 ("Section 1983") against Suffolk County Police Officer Paul Russo ("P.O. Russo") and Suffolk County District Attorney Raymond A. Tierney ("DA Tierney" and together, "Defendants"), each sued in their official capacities, challenging Cooper's July 10, 2025 arrest and on-going state prosecution. (*See* Compl., ECF No. 1 at §§ I.B., II.A.–B.) Before the Court is Cooper's renewed long form motion to proceed in forma pauperis ("IFP"). (IFP Mot., ECF No. 9.)

For the reasons explained below, Cooper's IFP Motion is granted. In light of the grant of the IFP Motion, the Court has reviewed the Complaint in accordance with the requirements of 28 U.S.C. § 1915. Upon review, this Court stays the false arrest claims and dismisses the remaining claims without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for the reasons explained below.

**BACKGROUND**

On December 29, 2025, Cooper filed a Complaint bringing Section 1983 claims but did not file an IFP Motion or pay the required filing fee. (Compl., ECF No. 1.) Accordingly, by

Notice of Deficiency dated January 2, 2026 ("Notice"), Cooper was instructed to either pay the filing fee or complete and return the enclosed Short Form IFP application within 14 days. (Not. of Def., ECF No. 4.) On January 12, 2026, Cooper timely filed the Short Form IFP application and, upon review, the Court determined that "Cooper's application does not provide sufficient information for the Court to reasonably conclude that he is unable to afford the filing fee." (*See* Order, ECF No. 6.) In denying Cooper's IFP motion without prejudice, the Court ordered Cooper to either pay the filing fee or complete and return the enclosed Long Form IFP application. (*Id.*)

On February 11, 2026, Cooper filed an unsigned Long Form IFP application. (ECF No. 7.) Through a Second Notice of Deficiency dated February 17, 2026, the Court instructed Cooper to file a signed copy of the Long Form IFP motion. (Sec. Not. of Def., ECF No. 8.) On March 10, 2026, Cooper filed the Long Form IFP motion. (Long Form IFP Mot., ECF No. 9.)

## I.      Factual Allegations[1]

According to the Complaint, on July 10, 2025, Cooper was arrested in the parking lot of an apartment building in Coram, New York and was "charged for CPCS 7th degree." (Compl., ECF No. 1 at § III.A.–C.) The Complaint alleges that "Russo searched car over 20 minutes, stating he found substance in plain sight." (*Id.* at § III.C.) Annexed to the Complaint is a copy of a Misdemeanor Information from the Suffolk County First District Court bearing Docket No. CR-015641-25SU. (*Id.* at 7.) This document reflects that Russo arrested Cooper at approximately 11:45 p.m. and charged him with violation of N.Y.S. Penal Law § 220.03, Criminal Possession

---

[1]  Excerpts from the Complaint have been reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

of a Controlled Substance in the 7th Degree. (*Id.*) Russo alleges that Cooper "knowingly and unlawfully possessed a controlled substance namely crack cocaine [] while seated in the passenger seat of a black Cadillac SUV . . . . [Cooper] was in possession of a quantity of a white rock like substance recovered in plain view on top of the center console . . . ." (*Id.*)

According to the information maintained by the New York State Office of Court Administration on its public website, Cooper pled not guilty to the charges on July 30, 2025, and trial is scheduled for June 29, 2026. (*See* https://iapps.courts.state.ny.us/webcrim_attorney/Detail?which=appearance&docketNumber=U AeRgLRPdUZy9e481e7Vew==&countyId=Nv9qDJd4g98CYLqwOk6Q5w==&docketId=HxIY V0mdRUO925A/pZonJg==&docketDseq=T/O1YN_PLUS_BG65HkOeqEnpAkw==&defendant Name=Cooper,+Sam&court=Suffolk+1st+District+Court&courtType=U&recordType=U&recor dNum=) (last visited on June 18, 2026.)

As a result of the alleged "false arrest, malicious prosecution, and fabrication of evidence by police and prosecutors," Cooper seeks to recover a damages award in the sum of $750,000. (Compl., ECF No. 1 at §§ II.B., V.)

## LEGAL STANDARDS

Where a plaintiff is proceeding IFP, 28 U.S.C. § 1915 instructs that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). At the pleading stage, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in

3

the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009)), *aff'd*, 569 U.S. 108 (2013).[2]

This Court is required to construe pleadings "filed by *pro se* litigants liberally and interpret them to raise the strongest arguments that they suggest." *Hunter v. McMahon*, 75 F.4th 62, 67 (2d Cir. 2023). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Int'l Code Council, Inc. v. UpCodes Inc.*, 43 F.4th 46, 53 (2d Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In determining whether a claim is sufficiently plausible, a court "accept[s] all factual allegations as true" and "draw[s] all reasonable inferences in the plaintiff's favor." *Herrera v. Comme des Garcons*, Ltd., 84 F.4th 110, 113 (2d Cir. 2023). Nevertheless, a court is "not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 307 (2d Cir. 2022). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord Schiebel v. Schoharie Central Sch. Dist.*, 120 F.4th 1082, 1106 (2d Cir. 2024). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

---

[2]  Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, brackets, and citations.

elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678. A complaint fails to state a claim "if it tenders naked assertions devoid of further factual enhancement." *Id.*

## DISCUSSION

### I.    IFP Motion

Upon review of the IFP Motion (ECF No. 9), the Court finds that Cooper is qualified by his reported financial position to commence this action without prepayment of the filing fee. Accordingly, the Court grants the renewed IFP Motion.

### II.    Section 1983 Claims

Section 1983 provides redress for constitutional deprivations and provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)); *accord Jean-Baptiste v. U.S. Dep't of Just.*, No. 23-cv-441, 2024 WL 1193062, at *1 (2d Cir. Mar. 20, 2024) (noting that Section 1983 does not provide an independent source of substantive rights). To maintain a Section 1983 claim, a plaintiff must show that the defendant (1) acted under color of state law (2) to deprive the plaintiff of a right arising under the Constitution or federal law. *See Sykes*, 13 F.3d at 519. The Complaint brings false arrest and malicious prosecution claims under Section 1983 and the Fourth and Fourteenth Amendments arising from Cooper's July 10, 2025

5

arrest and the on-going state prosecution that has taken place as a result. (ECF No. 1.) For the reasons that follow, the malicious prosecution claims are dismissed with leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2)(B), and the false arrest claims are stayed pending the conclusion of the underlying state criminal prosecution.

### i. Official Capacity Claims

### A. P.O. Russo

The Complaint names P.O. Russo solely in his official capacity. (Compl., ECF No. 1 at § I.B.) Thus, the municipality, Suffolk County, is the real party in interest for official capacity claims asserted against individuals employed by Suffolk County law enforcement agencies. *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

In *Monell v. Department of Social Services*, the Supreme Court established that "municipalities and other local government units" are "persons" who may be liable under Section 1983. 436 U.S. 658, 690 (2018). Still, "a municipality cannot be held liable under [Section] 1983 on a *respondeat superior* theory." *Id.* at 691. In other words, the plaintiff must show that, "through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged." *Agosto v. New York City Dep't of Educ.*, 982 F.3d 86, 98 (2d Cir. 2020) (emphasis in original). Accordingly, in order to bring a *Monell* claim against a municipality or other local government unit, the plaintiff must allege facts supporting: "(1) a municipal policy or custom that (2) causes the plaintiff to be subjected to (3) the deprivation of a constitutional right." *Friend v. Gasparino*, 61 F.4th 77, 93 (2d Cir. 2023). A plaintiff may establish the existence of a municipal policy giving rise to *Monell* liability in four different ways:

> (1) a formal policy endorsed by the municipality . . . ; (2) actions directed by the government's authorized decisionmakers or those who establish governmental policy . . .;

(3) a persistent and widespread practice that amounts to a custom of which policymakers must have been aware . . . ; or (4) a constitutional violation resulting from policymakers' failure to train municipal employees.

*Deferio v. City of Syracuse*, 770 F. App'x 587, 589–90 (2d Cir. 2019); *see also Savarese v. City of New York*, 547 F. Supp. 3d 305, 354 (S.D.N.Y. 2021).

Here, the Complaint, even when liberally construed, includes no facts from which the Court could reasonably construe that the challenged arrest and prosecution was the result of a municipal policy, practice, or custom under any theory of municipal liability. Thus, the Section 1983 claim against P.O. Russo is not plausible.

### B.  DA Tierney

The Complaint also names DA Tierney solely in his official capacity. (Compl., ECF No. 1 at ¶ I.B.) The State of New York is the real party in interest because "'[w]hen prosecuting a criminal matter, a district attorney in New York State, acting in a quasi-judicial capacity, represents the State not the county.'" *Ying Jing Gan v. City of New York*, 996 F.2d 522, 536 (2d Cir. 1993) (quoting *Baez v. Hennessy*, 853 F.2d 73, 77 (2d Cir. 1988)). The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. "The reach of the Eleventh Amendment has been interpreted to extend beyond the terms of its text to bar suits in federal courts against states, by their own citizens or by foreign sovereigns." *State Emps.' Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 95 (2d Cir. 2007) (quotation marks and alterations omitted).

Here, Cooper's claim against DA Tierney is effectively against the State of New York and therefore is barred by the Eleventh Amendment. *See*, *e.g.*, *Rich v. New York*, No. 21-cv-3835, 2022 WL 992885, at \*5 n.4 (S.D.N.Y. Mar. 31, 2022) ("[A]ny claims Plaintiff may raise against the [District Attorney] Defendants in their 'official capacity' would be precluded by immunity under the Eleventh Amendment."). Thus, the Section 1983 claim against DA Tierney is not plausible.

### III.    *Heck's* Delayed Accrual Rule

Insofar as Cooper brings claims under Section 1983 and the Fourth and Fourteenth Amendments that challenge his arrest, detention, and prosecution, success on these claims would impugn the validity of a criminal conviction in the state court. In *Heck v. Humphrey*, the United States Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit," the district court must dismiss the complaint if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence" and the "conviction or sentence has [not] already been invalidated." 512 U.S. 477, 487 (1994). Interpreting *Heck*, the Second Circuit has long held that "if success on a § 1983 claim would necessarily imply the invalidity of a conviction in a pending criminal prosecution, such a claim does not accrue so long as the potential for a judgment in the pending criminal prosecution continues to exist." *Covington v. City of New York*, 171 F.3d 117, 124 (2d Cir. 1999) (citation and alterations omitted).

Here, having pled not guilty to the Information on July 30, 2025, Cooper is awaiting the trial on the charges at issue in his false arrest and malicious prosecution claims. The trial in that case is scheduled to commence on June 29, 2026.[3] As is readily apparent, the claims challenging

---

[3] *See* https://iapps.courts.state.ny.us/webcrim_attorney/Detail?which=appearance&docketNumber=UAeRgLRPdUZ

Cooper's arrest, detention, and prosecution would impugn the validity of a subsequent conviction. Thus, these claims are premature. *See*, *e.g.*, *Roberties v. Huff*, No. 11-cv-521, 2012 WL 1113479, at *4 (W.D.N. Y Mar. 30, 2012) (dismissing as premature "plaintiff's claims for due process, conspiracy to prosecute, obstruction of justice, fabrication of evidence and equal protection").

However, with respect to Cooper's Section 1983 false arrest claims, the Supreme Court limited the delayed accrual rule of *Heck* in *Wallace v. Kato*, 549 U.S. 384 (2007) to such claims because the statute of limitations for false arrest claims "begins to run at the time the claimant becomes detained pursuant to legal process." *Id.* at 393–94. The Court instructed:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

*Id.*

Here, Cooper's false arrest claim implicates *Wallace's* modification of *Heck's* delayed accrual rule. Thus, pursuant to *Wallace*, Cooper's false arrest claim is stayed pending the resolution of the underlying criminal prosecution. That said, if he is convicted, Cooper's stayed false arrest claim "would impugn that conviction," which means that "*Heck* will require dismissal" of the false arrest claim. *See Wallace*, 549 U.S. at 394 (citations omitted). Cooper's remaining constitutional claims are barred by *Heck* and its progeny and are thus not plausible.

---

y9e481e7Vew==&countyId=Nv9qDJd4g98CYLqwOk6Q5w==&docketId=HxIYV0mdRUO925A/pZonJg==&docketDseq=T/O1YN_PLUS_BG65HkOeqEnpAkw==&defendantName=Cooper,+Sam&court=Suffolk+1st+District+Court&courtType=U&recordType=U&recordNum=) (last visited on June 18, 2026).

Accordingly, these claims are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii).

Within two (2) weeks following the conclusion of his state court criminal proceeding, Cooper shall request, in writing, any lifting of the stay of his false arrest claims, if so warranted at that time.

### IV.    State Law Claims

A district court "may decline to exercise supplemental jurisdiction over a claim . . . [where it] has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims." *Chinniah v. FERC*, 62 F.4th 700, 703 (2d Cir. 2023). Having dismissed the federal claims alleged in the Complaint for the reasons set forth above, the Court declines to exercise supplemental jurisdiction over any remaining state law claims. *See* 28 U.S.C. § 1367(c)(3); *Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 405 (2d Cir. 2017) (Calabresi, J., concurring) (the Second Circuit "takes a very strong position that state issues should be decided by state courts").

Thus, the Court declines to extend supplemental jurisdiction over any state law claims that may be liberally construed from the allegations in the Complaint. However, Cooper may pursue any valid claims he may have in state court.

### V.    Leave to Amend

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. Cty. of New York*, 579 F.3d 176, 183 (2d Cir. 2009). However, leave to amend is

properly denied where amendment would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (where amendment would be "futile," leave to amend the complaint should be denied).

Here, in light of Cooper's ongoing criminal prosecution and the fact that his claims in this action are entwined with those proceedings, the Court grants leave to file an amended complaint upon resolution of the underlying criminal case, if so warranted at that time. Cooper shall seek leave to lift the stay of the false arrest claims and/or to replead any other claims in accordance with the guidance set forth in this Memorandum and Order within two (2) weeks of the conclusion of the underlying state criminal proceedings.

## CONCLUSION

For the reasons stated above, this Court grants Cooper's renewed Long Form IFP Motion (ECF No. 9) and dismisses the Complaint (ECF No. 1) pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii) with the exception of the false arrest claims which are stayed pending the resolution of Cooper's underlying criminal prosecution in state court. Cooper may file an amended complaint to pursue any claims relating to his arrest and prosecution upon resolution of the underlying criminal case if so warranted at that time. Cooper shall seek leave to lift the stay as to the false arrest claim and/or to file an amended complaint within two (2) weeks of the conclusion of those proceedings.

The Clerk of the Court shall mail a copy of this Memorandum and Order to Cooper at his address of record and shall note such mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).


Dated: June 24, 2026
Central Islip, New York


/s/ *Nusrat J. Choudhury*
NUSRAT J. CHOUDHURY
United States District Judge